UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :
                                         **SEALED SUPERSEDING**
       - v. -                       :    **INFORMATION**

GILBERT ARMENTA,                    :    S1 17 Cr. 556 (WHP)

              Defendant.            :

- - - - - - - - - - - - - - - - - - x

**COUNT ONE**

(Conspiracy to Commit Wire Fraud)

The United States Attorney charges:

Background on "OneCoin" Scheme

1.    From in or about 2015 up to and including in or about 2017, GILBERT ARMENTA, the defendant, assisted others known and unknown in executing a fraud scheme operating under the trade name "OneCoin Ltd.," involving the sale of a fraudulent cryptocurrency called "OneCoin" (the "OneCoin Scheme").

2.    As part of the OneCoin Scheme, OneCoin Ltd. promoted various different OneCoin "trader packages" priced at, for example, €110 and €55,500.  Purchase of a trader package provided access to "educational materials" and tokens.  Tokens were used to mine OneCoins.  The purported value of a OneCoin grew steadily from €0.50 to approximately €15.95 per coin at the time of the filing of this Superseding Information.  Promoters of OneCoin Ltd. solicited wire transfers to various

international OneCoin Ltd.-controlled bank accounts in exchange for OneCoin trader packages.

3. OneCoin Ltd. principals and members made material misrepresentations and omissions to recruit new members to purchase trader packages, including but not limited to the following: (a) OneCoin would rise in value based on market supply and demand, when in fact the value of OneCoin was set privately by OneCoin, Ltd. without regard to market forces; (b) OneCoin would be available to trade for multiple fiat currencies on public exchanges, when in fact OneCoin was only briefly available for trading on a private exchange accessible solely to OneCoin members -- which exchange was not operational from in or about January 2017 to the time of the filing of this Superseding Information -- and the ability to conduct such trades on that private exchange was not guaranteed and, in any event, strictly limited; (c) OneCoin would be available for use at upwards of one million merchants worldwide, when in fact OneCoins could be used only for partial purchase of goods through a limited number of merchants on OneCoin Ltd.'s private "DealShaker" platform, which itself exhibited features indicating that it was not an actual merchant platform; and (d) OneCoin members could store accumulated OneCoins in a so-

called "CoinSafe" for a fixed term and thereby earn interest on their OneCoins, when in fact CoinSafe was designed as a mechanism to avoid making payouts to OneCoin members.

4. OneCoin, Ltd. operated through a pyramid structure in which individuals were compensated for recruiting new members who purchased trader packages. An essential part of the OneCoin Scheme involved encouraging existing OneCoin members to recruit new members to buy OneCoin packages in exchange for recruitment commissions. Outside of such recruitment commissions -- 60% of which were made available to members for cash withdrawal, and the other 40% of which could be used only to purchase additional OneCoins or tokens -- cash withdrawals from OneCoin member accounts were tightly restricted.

5. OneCoin Ltd. recruited members in the New York City area. In addition, as part of the OneCoin Scheme, OneCoin Ltd. principals and their associates used numerous correspondent bank accounts in New York, New York, for the purpose of transmitting OneCoin Scheme fraud proceeds through the United States to foreign bank accounts around the world.

6. Once OneCoin member funds were received in OneCoin Ltd.-controlled accounts, the funds were laundered through a

network of bank accounts located at financial institutions around the world, and were ultimately used to benefit OneCoin principals and their associates. As part of laundering OneCoin proceeds, OneCoin principals and others, including GILBERT ARMENTA, the defendant, repeatedly lied to banks regarding the original source of the funds.

7. GILBERT ARMENTA, the defendant, assisted in the execution of the OneCoin Scheme by, among other things, (a) coordinating the opening of OneCoin Ltd. depository bank accounts for the purpose of receiving funds for the purchase of trader packages by OneCoin members, at banks located in Mexico and South America; (b) establishing and administering OneCoin "pool accounts" at various international banks, which were used to aggregate OneCoin members funds; (c) introducing one or more principals of the OneCoin Scheme to an online reputation company for the purpose of removing from the Internet negative information about OneCoin Ltd.; (d) transmitting OneCoin Ltd. funds to pay recruitment commissions to OneCoin members who recruited new OneCoin members, as well as to pay refunds to dissatisfied OneCoin members; and (e) transmitting OneCoin Scheme proceeds through bank accounts located in the United States and abroad, and making various misrepresentations to

4

banks regarding the source of the funds, for the purpose of laundering the OneCoin Scheme proceeds.

<u>Statutory Allegations</u>

8. From in or about 2015, up to and including in or about 2017, in the Southern District of New York and elsewhere, GILBERT ARMENTA, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1343.

9. It was a part and an object of the conspiracy that GILBERT ARMENTA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

10. The allegations set forth in paragraphs 1 through 7 of this Superseding Information are repeated and realleged as if fully set forth herein.

11. From in or about 2015 through in or about 2017, in the Southern District of New York and elsewhere, GILBERT ARMENTA, the defendant, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), and 1956(a)(2)(A).

12. It was a part and an object of the conspiracy that GILBERT ARMENTA, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of the wire-fraud conspiracy alleged in Count One of this Superseding Information, knowing that the transactions were designed in

whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

13. It was further a part and an object of the conspiracy that GILBERT ARMENTA, the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, the proceeds of the wire-fraud conspiracy alleged in Count One of this Superseding Information, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

7

14.  It was further a part and an object of the conspiracy that GILBERT ARMENTA, the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the wire-fraud conspiracy alleged in Count One of this Superseding Information, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h).)

## COUNT THREE

(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

15.  In or about 2016, in the Southern District of New York and elsewhere, GILBERT ARMENTA, the defendant, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

16. It was a part and an object of the conspiracy that GILBERT ARMENTA, the defendant, and others known and unknown, would and did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful payment of bribes to one or more foreign government officials, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, ARMENTA and others agreed to transport and transmit funds from the United States to Mexico to facilitate a bribe payment to a Mexican government official in order to secure an improper advantage in obtaining a business contract in Mexico.

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR

(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

17. From at least in or about August 2015, up to and including in or about March 2017, in the Southern District of New York and elsewhere, GILBERT ARMENTA, the defendant, and

others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A).

18. It was a part and an object of the conspiracy that GILBERT ARMENTA, the defendant, and others known and unknown, would and did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the operation of one or more illegal gambling businesses as defined under Title 18, United States Code, Section 1955, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, ARMENTA and others agreed to transport and transmit funds representing customer deposits for use on illegal internet-gambling websites, including deposits made by U.S. internet-gambling customers using U.S.-based credit card accounts and bank accounts, from the United States to places outside of the United States.

(Title 18, United States Code, Section 1956(h).)

## COUNT FIVE

(Conspiracy to Commit Extortion)

The United States Attorney further charges:

19. From in or about November 2016, up to and including in or about September 2017, in the Southern District of New York and elsewhere, GILBERT ARMENTA, the defendant, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby would have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ARMENTA agreed with others to use threats of physical harm to attempt to collect payment through international wire transfer from an individual in the United Kingdom who they believed had stolen business proceeds originally intended for international wire transfer.

(Title 18, United States Code, Section 1951.)

### FORFEITURE ALLEGATIONS

20. As a result of committing the wire fraud offense alleged in Count One of this Superseding Information, GILBERT ARMENTA, the defendant, shall forfeit to the United States

11

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense that the defendant personally obtained.

21. As a result of committing the money laundering offenses alleged in Counts Two, Three, and Four of this Superseding Information, GILBERT ARMENTA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

Substitute Asset Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981 and 982;
     Title 21, United States Code, Sections 853; and
     Title 28, United States Code, Section 2461.)

*[signature]*

GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

GILBERT ARMENTA,

                            Defendant.

**SUPERSEDING INFORMATION**

S1 17 Cr. 556 (WHP)

(18 U.S.C. §§ 1349, 1956(h), and 1951)

                      GEOFFREY S. BERMAN
                        United States Attorney.