

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

July 6, 2020

**MEMO ENDORSED**, last page.

<u>VIA ECF</u>

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

    Re:    <u>United States v. Gilbert Armenta</u>, 17 Cr. 556 (ER)

Dear Judge Ramos:

    On behalf of Gilbert Armenta, we write to request that the sentencing of Mr. Armenta, scheduled for July 23, 2020, proceed on that day by video conference pursuant to Chief Judge McMahon's Amended Standing Order M10-468.  We set forth the bases for our request below.

    First, the Court is authorized to conduct the proceeding by video conference.  On March 27, 2020, Congress enacted the CARES Act.  Section 15002(b)(2) of the Act provides:

> (2) FELONY PLEAS AND SENTENCING.—
>     (A) IN GENERAL.— Subject to paragraphs (3), (4), and (5), if the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court covered by the finding (or, if the chief judge is unavailable, the most senior available active judge of the court or the chief judge or circuit justice of the circuit that includes the district court) specifically finds, upon application of

Honorable Edgardo Ramos 2
July 6, 2020

> the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

Section 15002(b)(4) of the CARES Act further states that such a video or teleconference can only take place with the defendant's consent, upon the defendant's consultation with counsel. On June 24, 2020, Judge McMahon issued Amended Standing Order M10-469 for the Southern District of New York, which provides:

> The undersigned having specifically found that . . . felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety, IT IS FURTHER ORDERED that video teleconferencing, or telephone conferencing if video conferencing is not reasonably available, may be used in such proceedings with the consent of the defendant, or juvenile, after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice.

Of course, Mr. Armenta, counsel, and presumably the Court would prefer to proceed with such a crucial proceeding as sentencing in person. In light of the conditions caused by the current coronavirus pandemic, however, Mr. Armenta, after consultation with counsel, formally requests to appear and proceed with sentencing via video conference.

The uncertainty and stress that Mr. Armenta and his family have been living with has been agonizing. Mr. Armenta has been in home detention for over three months, following eight months in detention at the Metropolitan Correctional Center (the "MCC"). Because of the bail conditions imposed on Mr. Armenta when he was released from the MCC ████████ ██████, he can "have no involvement in running or managing any business entity, or involvement in any financial transaction associated with any business entity." He has watched as his business, like many others around the country, suffers in the pandemic's wake, but he is unable to take any steps to stabilize the business, save his employees' jobs or make payroll.

In this case, Mr. Armenta promptly accepted responsibility and cooperated with the Government within one day of being apprehended by agents in September 2017, so that he could

Honorable Edgardo Ramos 3
July 6, 2020

begin repaying his debt to society and rebuild his life. He entered his guilty plea back in early 2018. As the Court knows, at the time of Mr. Armenta's release to home detention on March 26, 2020, his sentencing was scheduled for June 3. On May 18, 2020, the Government reached out to Mr. Armenta's counsel and requested a 45-day extension. Although Mr. Armenta did not want to delay his sentencing at that time, and was prepared to meet the corresponding May 20, 2020 deadline for his sentencing submission, he agreed to jointly submit the extension request in his usual spirit of cooperation.

This is not the first delay that Mr. Armenta has encountered in his sentencing. Mr. Armenta was remanded on July 18, 2019. Despite the fact that the Government was fully aware of the alleged violations of Mr. Armenta's cooperation agreement at the time of his remand, it was not until almost five months later, on December 2, 2019, that the Government informed Mr. Armenta that it would not submit a Section 5K1.1 letter to the Court. At that point, Mr. Armenta began pushing for the Government to file its related case letter so that sentencing could be scheduled as soon as possible—a request that would have been made five months earlier had Mr. Armenta known the Government's decision on the Section 5K1.1 letter. The Government proceeded to wait an additional five weeks before filing its related case letter on January 10, 2020. If not for those delays, Mr. Armenta presumably would have been sentenced months ago, prior to the onset of the coronavirus pandemic.

The interests of justice would be harmed if Mr. Armenta's sentencing is once again delayed beyond the current date. Further delaying his sentencing, possibly indefinitely depending on the pandemic's progression, only exacerbates the anxiety and torment that Mr. Armenta is experiencing, in addition to frustrating the process afforded all criminal defendants. The Federal Rules of Criminal Procedure direct courts to "impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). "The history of Rule 32 demonstrates that the Rules set forth no rigid timeline for sentencing. Rather, the decision of when to impose sentence is in the sound discretion of the trial court." *United States v. Flowers*, 983 F. Supp. 159, 170 (E.D.N.Y. 1997). Moreover, the Second Circuit has recognized that a "[d]elay in sentencing may leave the defendant, as well as the victim, in limbo concerning the consequences of conviction. It postpones the commitment of the defendant to corrections facilities, may have a detrimental effect on rehabilitation, and suspends the appellate review of error." *United States v. Ray*, 578 F.3d 184, 198 (2d Cir. 2009) (alteration in original) (quoting 3 Charles Alan Wright et al., Federal Practice & Procedure: Criminal § 521.1 (3d ed. 2004)). Even in the context of COVID-19, the well-established maxim stands that "justice delayed is justice denied."[1] Taking these factors into consideration, we respectfully submit that adjourning Mr. Armenta's sentencing far beyond the currently scheduled date would be an unnecessary additional

---

1. The Honorable William Pauley recently quoted, when granting a video sentencing over the Government's objection, "The Court will not allow this defendant to await sentencing indefinitely and to undergo the added stress that further delay would cause. She deserves a date-certain for sentencing and to complete this portion of the criminal process. . . . Finally, an indefinite delay of the sentencing hearing could undermine the public's confidence in the judicial system, including the community . . . and the defendant's family." *United States v. Cohen*, 19-cr-741 (WHP) (S.D.N.Y. May 19, 2020) (ECF No. 41) (quoting *United States v. Kelly,* 09-cr-51 (N.D. Texas, April 2, 2020) (ECF No. 63)).

Honorable Edgardo Ramos 4
July 6, 2020

punishment for Mr. Armenta and his family and would cause serious harm to the interests of justice.[2]

      Finally, we note that we have discussed this application with the Government.  They oppose it and plan to submit a written response to the Court.

Sincerely,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc:   Christopher DiMase (AUSA)
       Nicholas Folly (AUSA)

---

The application is denied.  Defendant provides no specific reasons to find that further delay would cause serious harm to the interest of justice.  The July 23 sentencing is adjourned to October 21, 2020, at 10:00 a.m.

SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated:   7/8/2020
New York, New York

---

2. Courts in this district and others have similarly decided to proceed with sentencings via video in the face of the coronavirus pandemic, both with and without the consent of the Government.  *See, e.g., United States v. Cohen*, 19-cr-741 (WHP) (S.D.N.Y. May 19, 2020) (ECF No. 41); *United States v. Kyriacou*, 18-cr-102 (KAM) (E.D.N.Y. May 4, 2020) (ECF No. 110); *United States v. Ortega*, 2020 WL 2093728, at *3 (E.D. Cal. May 1, 2020); *United States v. Burroughs*, 19-cr-292 (VAB) (D. Conn. April 16, 2020); *United States v. Puckett,* 19-cr-150 (JBA) (D. Conn. April 13, 2020); *United States v. Reichert,* 11-cr-1056 (DLC) (S.D.N.Y. April 3, 2020) (ECF No. 71); *United States v. Kelly,* 09-cr-51 (N.D. Texas, April 2, 2020) (ECF No. 63); *United States v. Henriquez*, 19-cr-10080 (NMG) (D. Mass. March 27, 2020) (ECF No. 979).