

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

February 10, 2023

**VIA EMAIL & ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:      *United States v. Gilbert Armenta*, 17 Cr. 556 (ER)

Dear Judge Ramos:

We represent Gilbert Armenta in this action, which is scheduled for sentencing on Thursday, February 16 at 11:00 am.  (ECF 60.)  Pursuant to the Court's February 8 Order (ECF 66), we respectfully write in response to the Inner City Press ("ICP") letter-motion dated January 31, 2023 seeking the removal of redactions from Mr. Armenta's filed Sentencing Memorandum (the "Unsealing Motion").  As set forth below, the challenged redactions concern Mr. Armenta's cooperation as well as medical records, treatment, and diagnoses, which are appropriate subjects for redaction under the Court's Sentencing Procedures and other authorities.  Recognizing that Mr. Armenta's cooperation has been referenced publicly (*see, e.g.,* ECF 14-16), we have removed redactions to general references to Mr. Armenta's cooperation and have left redacted specific non-public details concerning his cooperation efforts and the Government's investigation.  (*See* Attachment 1.) We understand that the Government does not object to the subject objections and will be filing a Sentencing Memorandum today with substantially similar redactions.

The Unsealing Motion challenges the number of redactions in Mr. Armenta's Sentencing Memorandum.  (*See* ECF 66.)  In its Unsealing Motion, the ICP cites to redactions on a handful of pages, as well as portions of the table of contents, and asserts that it is "the most heavily redacted sentencing submission I've seen[.]"  (*Id.* at 1.)  Notably, ICP filed a similar application last month, also "the most heavily redacted sentencing submission I've seen." *United States v. Shah*, No. 19 Cr. 833 (SHS) (S.D.N.Y. Jan. 3, 2023) (ECF 648 at 1).  Regardless, ICP's characterization of the instant sentencing submission is now moot as we have reduced the level of redactions.

104300228_2

In *United States v. Weigand*, cited in the Unsealing Motion, Judge Rakoff recognized that, "[i]n appropriate instances, protecting the integrity of law enforcement activities and ensuring the safety of cooperating witnesses often will undoubtedly warrant redactions."  20 Cr. 188 (JSR) (S.D.N.Y. Apr. 1, 2021) (ECF 250 at 6).  The court ruled that the subject redactions (to a "legal brief on an evidentiary issue") were unwarranted, as "the Government's asserted interest was insufficient because the redacted portions reveal little beyond what [the cooperator] had already testified to in open court."  (*Id.* at 5-6.)  By contrast, the redacted details of Mr. Armenta's cooperation in the Sentencing Memorandum have not been made public and, as described in the Sentencing Memorandum, concern aspects of that cooperation which placed Mr. Armenta in harm's way,[1] and other aspects of the Government's investigations that have not been made public.  These descriptions of his cooperation efforts are confidential and sensitive, and both Mr. Armenta and the Government have an interest in their remaining confidential.

Redacting these details concerning Mr. Armenta's cooperation is permitted under both the Court's Sentencing Procedures and authority in this Circuit.  The Court's Sentencing Procedures recognize that information regarding an individual's cooperation with the Government, as well as medical records, treatment and diagnosis, "require[s] caution" and may be redacted "without application to the Court."  (Individual Practices, at *11; *see also* SDNY ECF Rules § 21.4 ("caution should be exercised" when filing documents containing such information.); Fed. R. Civ. P. 5.2; Fed R. Crim. P. 49.1).

Courts recognize that "sentencing memoranda that implicate cooperation are often filed under seal . . . . 'The most common action taken by the district courts to protect cooperators has been, at the request of the parties, to seal documents containing cooperation information[.]'" *United States v. Armstrong*, 185 F. Supp. 3d 332, 335, 337 (E.D.N.Y. 2016) (denying application to unseal sentencing letters, finding that sealing was narrowly tailored to protect a compelling interest, noting the "distressingly . . . routine" risk of harm to cooperating defendants) (citing Margaret S. Williams, Donna Stienstra, Marvin Astrada, Fed. Judicial Ctr., *Survey of Harm to Cooperators* 27 (2016) (brackets omitted)); *see also United States v. Doe*, No. 3:19-MC-00027 (AWT), 2019 WL 1081675, at *7-8 (D. Conn. Mar. 6, 2019) (permitting the filing of a redacted sentencing memorandum excluding cooperation information in light of the risk of danger to the cooperators, the court's interest in cooperation, and the cooperating defendant's reliance interest in his cooperation remaining private); *id.* at *5 ("[O]ur own court documents are being used to identify the cooperators who then become targets.  In many instances these documents are publicly available online through PACER.") (citing the June 30, 2016 memorandum of the Committee on Court Administration and Case Management of the Judicial Conference of the United States); *cf. United States v. Roy*, No. 3:15-cr-151 (JAM), 2017 WL 2604250, at *2 (D. Conn. June 15, 2017) ("[I]f the entire [sentencing] memorandum discusses nothing other than the scope and extent of a defendant's confidential cooperation efforts, then there may be a good reason to seek to file the entire memorandum under seal.").

---

[1]   For example, as demonstrated during the trial of Mark Scott, Ruja Ignavota bugged Mr. Armenta's apartment prior to his arrest, through which she learned of his cooperation, and hired a couple to rent the apartment next to Mr. Armenta's and to befriend his family in order to surveil him.  As part of Konstantin Ignatov's plea agreement, the Government acknowledged that the subjects of the investigation "***might use violence, force, and intimidation against Ignatov, his family, and loved ones***."  (ECF 64 at 36) (citing Ignatov Plea Agreement dated September 27, 2019 (emphasis added)).

Mr. Armenta has now re-filed his Sentencing Memorandum, removing a significant number of redactions pertaining to cooperation broadly.  The remaining redactions concern (i) specific details of his cooperation for which Mr. Armenta has serious safety concerns and/or aspects of the Government's investigation that have not been publicized, and (ii) medical information and treatment of Mr. Armenta and third parties.  Mr. Armenta therefore respectfully requests that the Court deny the Unsealing Motion as moot in light of his refiling of the Sentencing Memorandum with limited redactions.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc:   AUSA Christopher DiMase
AUSA Nicholas Folly
AUSA Juliana Murray
AUSA Kevin Mead