UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :

    - v. -                                                   :   CONSENT PRELIMINARY ORDER
                                                      OF FORFEITURE AS TO SPECIFIC
GILBERT ARMENTA,                            :   PROPERTY/ MONEY JUDGMENT

                                                      S1 17 Cr. 556 (ER)
            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about January 24, 2018, GILBERT ARMENTA (the "Defendant"), was charged in a five-count Superseding Information, 17 Cr. 556 (ER) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Counts Two through Four), and conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951 (Count Five);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981 (a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of Count One of the Information;

        WHEREAS, the Information included a forfeiture allegation as to Counts Two through Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real and personal, involved in the offenses charged in Counts Two through Four of the Information;

WHEREAS, on or about January 24, 2018, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Information that the Defendant personally obtained; and pursuant to Title 18, United States Code, Section 982(a)(l), any and all property, real and personal, involved in the offenses alleged in Counts Two through Four of the Information, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Counts Two through Four of the Information; and

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $300,000,000 in United States currency representing the property involved in the offense charged in Count Two of the Information, for which the Defendant is jointly and severally liable with the following co-conspirators: (i) Ruja Ignatova, Konstantin Ignatov, and Karl Sebastian Greenwood (the "First Co-Conspirators") who have been charged in *United States v. Scott, et al.* 17 Cr. 630(ER) (the "17 Cr. 630 Indictment") to the extent forfeiture money judgments are entered against the First Co-conspirators for the commission of the same conduct set forth in Count Two of the Information; (ii) Mark S. Scott ("Scott"), charged in the 17 Cr. 630 Indictment, up to $10,000,000 in United States currency, to the extent a forfeiture money judgment is entered against Scott for the commission of the same conduct set forth in Count Two of the Information; (iii) Christopher Hamilton and Robert McDonald (the "Second Co-Conspirators"), *United States*

*v. Hamilton, et al.,* S1 18 Cr. 793 up to $98,000,000 in United States currency, to the extent forfeiture money judgments are entered against the Second Co-conspirators for the commission of the same conduct set forth in Count Two of the Information; and (iv) any co-conspirators ("Co-Conspirators") also charged for the same conduct charged in Count Two of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators for the commission of the same conduct set forth in Count Two of the Information

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in:

a. $40,000,000.00 in United States currency that the Defendant transferred to the Government on or about August 10, 2018;
b. $803,500.00 in United States currency that the Defendant transferred to the Government on or about December 17, 2018;
c. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 828 SE 4th Street, Fort Lauderdale, FL, 33301-2219 described as Lot Number: 1, 2 Block: 11 District: 0312 City, Municipality, Township: FORT LAUDERDALE Subdivision Name: COLEE HAMMOCK 1-17 B Sec/Twn/Rng/Mer: SEC 11 TWN 50S RNG 42E Brief Description: COLEE HAMMOCK 1-17 B LOT 1, 2 BLK 11, Parcel No. 50-42-11-01-0440;
d. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2900 N Atlantic Blvd, Fort Lauderdale, FL, 33308-7512 described as Lot Number: 1 Block: 13 District: 0312 City, Municipality, Township: FORT LAUDERDALE Subdivision Name: LAUDERDALE BEACH 4-2 B Sec/Twn/Rng/Mer: SEC 30 TWN 49S RNG 43E Brief Description: LAUDERDALE BEACH 4-2 B LOT 1 BLK 13; Parcel No. 49-43-30-01-2760;
e. one Hermes Etoupe 35cm Togo Birkin Taupe Gold provided by the Defendant to the Government on or about January 25, 2018;
f. one Hermes Birkin Pink Alligator Bag provided by the Defendant to the Government on or about January 25, 2018;
g. one Hermes Birkin 35 Handbag provided by the Defendant to the Government on or about January 25, 2018;
h. one Cartier Necklace provided by the Defendant to the Government on or about January 25, 2018;

      i. one Gold colored Bangle provided by the Defendant to the Government on or about January 25, 2018;
      j. one Bulgari Necklace provided by the Defendant to the Government on or about January 25, 2018;
      k. one set rose earrings JAR Paris provided by the Defendant to the Government on or about January 25, 2018; and
      l. one gold colored link necklace provided by the Defendant to the Government on or about January 25, 2018;

(with (a) through (l) collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Christopher J. DiMase and Julieta V. Lozano of counsel, and the Defendant, and his counsel, Marc A. Weinstein, Esq., that:

1. As a result of the offenses charged in Count Two of the Information, to which the Defendant agreed to, a money judgment in the amount of $300,000,000 in United States currency (the "Money Judgment"), representing the amount property involved in the offense charged in Count Two of the Information, with the following co-conspirators: the First Co-Conspirators who have been charged in the 17 Cr. 630 Indictment to the extent forfeiture money

judgments are entered against the First Co-conspirators for the commission of the same conduct set forth in Count Two of the Information; (ii) Scott, charged in the 17 Cr. 630 Indictment, up to $10,000,000 in United States currency, to the extent a forfeiture money judgment is entered against Scott for the commission of the same conduct set forth in Count Two of the Information; (iii) the Second Co-Conspirators, United States v. Hamilton, et al., S1 18 Cr. 793 (VSB), up to $98,000,000 in United States currency, to the extent forfeiture money judgments are entered against the Second Co-conspirators for the commission of the same conduct set forth in Count Two of the Information; and (iv) any Co-Conspirators also charged for the same conduct charged in Count Two of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators for the commission of the same conduct set forth in Count Two of the Information.

2.   As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant agreed to, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property /Money Judgment is final as to the Defendant, GILBERT ARMENTA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.   All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. The Defendant shall make a payment towards the satisfaction of the Money Judgment in the total amount of $10,000,000 within twenty-four (24) months of the entry of this Consent Preliminary Order of Forfeiture/Money Judgment (the "Payment").

12. Upon receipt of the Payment, the Government shall deem the Money Judgment satisfied.

13. The Government agrees not to take any action, pursuant to Title 18, United States Code, Section 853(p), seeking the forfeiture of substitute assets of the Defendant during the twenty-four (24) months following the entry of the Preliminary Order. If the Defendant fails to make the Payment, the Government may take action pursuant to Title 18, United States Code, Section 853(p) to satisfy the Money Judgment.

14. Subject to the terms set forth above, pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment

15. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

17. The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    3/1/2023
Christopher Joseph DiMase         DATE
Nicholas Folly
Julianna Murray
Kevin Mead
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2433/1060/2314


GILBERT ARMENTA

By: _____    28. FEB. 2023
Gilbert Armenta                   DATE

By: _____    2/28/2023
Marc A. Weinstein, Esq.           DATE
Attorney for Defendant
One Battery Park Plaza
New York, NY 10004


SO ORDERED:

_____         3/1/2023
HONORABLE EDGARDO RAMOS           DATE
UNITED STATES DISTRICT JUDGE