UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

GILBERT ARMENTA,

       Defendant.

**OPINION & ORDER**

17 Cr. 556 (ER)

RAMOS, D.J.:

  Gilbert Armenta was released in 2020 on bail conditions secured in part by $500,000 in cash (the "Bond Cash").  Doc. 29.  Thereafter, on February 16, 2023, Armenta was sentenced to a term of imprisonment of three years and to forfeiture of $300,000,000.  *See* Doc. 103 at 1.  The Court entered a consent preliminary order of forfeiture ("CPOF") on March 1, 2023.  Doc. 75.

  Pending before the Court is Armenta's motion to exonerate bond pursuant to Federal Rule of Criminal Procedure 46(g), Doc. 102, as well as the Government's cross-motion requesting that the Court issue an order directing the Bond Cash to be applied toward Armenta's outstanding forfeiture judgment.  Doc. 103.  For the reasons set forth below, Armenta's motion to exonerate bond is DENIED, and the Government's cross-motion for an order directing the Bond Cash to be applied toward Armenta's outstanding forfeiture judgment is GRANTED.

## I.  BACKGROUND

  The Court assumes familiarity with Armenta's underlying criminal proceedings. On September 18, 2017, Armenta was released on bail conditions including a $5,000,000 personal recognizance bond secured by $500,000 in cash and two real properties in Florida (the "Real Properties").  Doc. 7 at 1.  On January 24, 2018, Armenta pleaded guilty and was later temporarily remanded.  Doc. 103 at 1.  On March 27, 2020, Armenta

was again released on bond with the same security requirements as his bond in 2017.
Doc. 29.

On February 16, 2023, Armenta was sentenced to a term of imprisonment of three
years and to forfeiture of $300,000,000. On March 1, 2023, the Court entered the CPOF,
which provided that: (1) Armenta consented to the entry of the Money Judgment; (2)
Armenta further consented to the forfeiture of his right, title, and interest in certain
specific property, including the Real Properties but not the Bond Cash; (3) Armenta
should make a payment of $10,000,000 within 24 months after entry of the CPOF, after
which the Government would deem the Money Judgment satisfied; and (4) "[t]he
Government agree[d] not to take any action, pursuant to Title [21], United States Code,
Section 853(p), seeking the forfeiture of substitute assets of [Armenta] during the twenty-
four (24) months following the entry of the [CPOF]."[1] Doc. 75 at 2, 3–4, 7. According
to the Government, Armenta has not made any payments towards the $10,000,000
amount identified in the CPOF. Doc. 103 at 2.

On May 31, 2023, Armenta reported to the Bureau of Prisons to serve his
sentence. Doc. 102 at 2. At this time, he remains incarcerated. *Id.* On December 14,
2023, Armenta moved for an order exonerating the Bond Cash and an order transferring it
to an escrow account held by his attorneys. *Id.* In response, on December 26, 2023, the
Government filed a cross-motion requesting that the Court enter an order denying
Armenta's request for returning the Bond Cash posted in connection with bail and instead
apply that money towards satisfaction of his forfeiture penalty. Doc. 103. In his reply,
Armenta argues that "[t]he Government's position is a direct violation of the forfeiture
order in this action." Doc. 104 at 1.

---

[1] As of the date the motion was filed by Armenta, the 24 months had not yet run.

2

## II.    LEGAL STANDARD

28 U.S.C. § 2044 provides that: "[o]n motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant." *See United States v. Ware*, Nos. 04 Cr. 1224 & 05 Cr. 1115 (ER), 2021 WL 3188248, at *1 (S.D.N.Y. July 28, 2021).

## III.    DISCUSSION

Armenta notes that the CPOF provided for entry of a $300 million money judgment against him and the forfeiture of specific enumerated property which did not include the Bond Cash. Doc. 104 at 1 (citing Doc. 103 at 1); Doc. 75 at 3–4. Further, he notes that the Government agreed "not to take any action, pursuant to Title [21], United States Code, Section 853(p), seeking the forfeiture of substitute assets of the Defendant during the twenty-four (24) months following the entry of the [CPOF]." Doc. 104 at 1; Doc. 75 at 7. Consequently, he argues that the Government's opposition to his motion to exonerate bond and its cross-motion seeking forfeiture of the $500,000, which was made within the 24-month window, contravene the forfeiture agreement. Doc. 104 at 2–3.

Though § 2044 provides that the Court "shall" order bail money belonging to and deposited by or on behalf of Armenta to be applied to the payment of any penalties imposed upon him, "some courts have interpreted § 2044 as a codification of district courts' long-held *discretion* to apply a defendant's bail funds toward judgments, rather than a command that such payments be applied." *See Ware*, 2021 WL 3188248, at *1 (citing *United States v. Shkreli*, No. 15 Cr. 637 (KAM), 2018 WL 3425286, at *2 (E.D.N.Y. July 10, 2018) and *United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996)).

3

Here, however, the Court would still exercise its discretion to apply the bail funds toward Armenta's forfeiture penalty, even if § 2044 were not mandatory.  Courts applying § 2044 generally order bail bonds to be paid toward outstanding obligations.  *See, e.g.*, *United States v. Brumer*, 405 Fed. Appx. 554 (2d Cir. 2011); *Ware*, 2021 WL 3188248; *United States v. Marin*, No. 15 Cr. 252 (PKC), 2018 WL 5282873 (E.D.N.Y. Oct. 24, 2018).  Armenta argues that such authority is inapposite because those cases did not involve the Government's violation of its own forfeiture agreement; he argues that the present case is distinct because the Government agreed not to seek forfeiture of substitute assets.  *See* Doc. 104 at 2–3.  However, the Court finds that the limitation in the CPOF precluding the Government from seeking forfeiture of substitute assets for 24 months does not bar holding over the bond here as that process relies on a separate statute, 21 U.S.C. § 853(p).  Moreover, Armenta consented to the forfeiture of his right, title, and interest in certain property in the CPOF that did not include the Bond Cash; indeed, the CPOF did not affirmatively exclude or even address the Bond Cash.  *See generally* Doc. 75.  The Court does not interpret silence on the bond in the CPOF in this case as barring its application, especially because § 2044 explicitly contemplates using bonds to satisfy penalties in this manner.  As the Government asserts, Armenta has not yet made any payments towards the $10,000,000 amount identified in the CPOF.  Doc. 103 at 2.[2]

Consequently, the Court finds that the weight of authority suggests that the Court should apply the Bond Cash towards Armenta's forfeiture penalty.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to exonerate bond is denied and the Government's cross-motion for an order directing that the $500,000 cash posted by Armenta to secure his release on bail be applied toward his outstanding forfeiture

---

[2] The Court also finds Armenta's arguments that he has "already forfeited well over $40 million to the Government" and "expended a lot of his own funds in order to effectuate the return of most of that money," immaterial.  *See* Doc. 104 at 3.

judgment is granted.  The Clerk of Court is respectfully directed to terminate the motions,

Docs. 102 and 103.


It is SO ORDERED.


Dated:    July 10, 2025
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.