# Exhibit 1



March 18, 2026

United States District Court
Southern District of New York

Re: Request for Standing Travel Authorization on Behalf of Vestia Group, LLC

Dear Honorable Court:

Vestia Group, LLC respectfully submits this letter to provide context regarding the role and responsibilities of Mr. Gilbert Armenta, and to request authorization for his national and international travel in furtherance of the company's business operations.

Mr. Armenta was engaged by Vestia Group, LLC to lead and manage the company's business development function. This engagement was based on his established track record, extensive professional network, and deep subject matter expertise across multiple infrastructure sectors, including energy, transportation, commodities, real estate development, and public-private partnerships. His responsibility is both strategic and operational, requiring active engagement with stakeholders across diverse jurisdictions.

Vestia's business strategy is relationship-driven and project-based. The company identifies, structures, and participates in complex infrastructure and development opportunities that require direct engagement with stakeholders, including project sponsors, government officials, institutional investors, contractors, and strategic partners. These engagements do not occur in a static environment. They require in-person interaction, site evaluation, and continuous oversight to maintain credibility and execution momentum.

In his capacity, Mr. Armenta is responsible for originating opportunities, cultivating strategic partnerships, negotiating commercial frameworks, and advancing projects from initial concept through execution readiness. These responsibilities cannot be effectively executed through remote means alone. Physical presence at project sites and in-person meetings is essential to validate project conditions, build trust with counterparties, and advance complex, multi-party transactions. In many jurisdictions, particularly in international markets, relationship building and deal progression are contingent upon direct, face-to-face engagement.

Restricting Mr. Armenta's ability to travel would materially impair Vestia's ability to execute its business plan. It would limit access to deal flow, weaken stakeholder relationships, and disrupt ongoing project development efforts. Conversely, permitting such travel directly supports legitimate business operations and enhances the company's ability to generate economic activity and fulfill its contractual and strategic obligations.

Accordingly, Vestia Group, LLC respectfully requests that the Court grant Mr. Armenta authorization to travel both nationally and internationally as required to fulfill his duties. The



company remains committed to ensuring full compliance with any conditions the Court deems appropriate and will cooperate fully with any reporting or monitoring requirements imposed.

Vestia appreciates the Court's consideration of this request and stands ready to provide any additional information the Court may require.


Respectfully submitted,

Vestia Group, LLC

Audrey Smith, Managing Member